## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
Case No.

MARLON LOPEZ,
CHRIS S. VALDIVIA BENAVIDEZ,
PERLA MIRANDA, and KATERINE ESPINO
on behalf of themselves and all similarly situated individuals,

      Plaintiffs,

v.

INTERNI CUCINE AMERICA LLC, a
Florida Limited Liability Company, and
MARCO MASET, individually,

      Defendants.

_____/

## <u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>

Plaintiffs, MARLON LOPEZ, CHRIS S. VALDIVIA BENAVIDEZ, PERLA MIRANDA, and KATERINE ESPINO ("Plaintiffs"), on their own and on behalf of other similarly-situated individuals currently and formerly employed as installers or laborers by Defendants, by and through the undersigned counsel, hereby file the instant action pursuant to the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq.*, (the "FLSA"); and the Florida Minimum Wage Act, Fla. Stat. § 448.110 *et seq.* (the "FMWA"), in conjunction with Article X, § 24 of the Florida Constitution. The instant action is filed as both a proposed "opt-in" collective action (as to the FLSA claims, which include both overtime and federal minimum wage claims) and as a

Federal Rule of Civil Procedure 23 class action specific to Florida-based workers (as to the Florida Minimum Wage Act) against Defendants, INTERNI CUCINE AMERICA LLC, a Florida Limited Liability Company ("Interni Cucine"), and MARCO MASET, individually ("Mr. Maset"), (collectively "Defendants") and in support thereof Plaintiffs state as follows:

## **OVERVIEW**

1. Plaintiffs and all those similarly situated are current or former laborers or installers who were employed by Defendants in the Middle District of Florida as non-exempt, hourly employees.

2. This six-count Complaint is brought on behalf of Plaintiffs and all others similarly situated employees of Defendants, and brings causes of action for:

   a.   Counts I and II: a proposed Florida-wide Rule 23 class action to address Defendants' violations of the FMWA, in conjunction with Article X, § 24 of the Florida Constitution.

   b.   Count III and IV: a proposed "opt-in" national collective action for the recovery of unpaid minimum wages pursuant to 29 U.S.C. § 216(b) of the FLSA; and

   c.   Count V and VI: a proposed "opt-in" national collective action for the recovery of unpaid overtime wages pursuant to 29 U.S.C. § 216(b) of the FLSA.

3. Plaintiffs bring their FMWA claims (Counts I and II) as a proposed Rule 23 class on behalf of themselves and all others similarly situated who worked for Defendants within the State of Florida within the five years preceding the filing of this action.

4. Plaintiffs bring their FLSA overtime and minimum wage claims (Counts III through VI) as a proposed 29 U.S.C. § 216(b) "opt-in" collective action and seek to recover unpaid wages, unpaid overtime wages, liquidated damages, declaratory relief, and reasonable attorneys' fees and costs on behalf of themselves and all similarly situated employees who eventually opt in to the class and who worked for Defendants within the three years preceding the filing of this action (the "Collective Action Class").

5. Plaintiffs know of numerous other similarly situated individuals who are interested in opting into the Collective Action Class being proposed and who are interested in the creation of an FLSA collective action with Court-supervised notice of opt-in rights to all others similarly situated.

6. Additionally, Plaintiffs know of other similarly situated individuals who currently work or have worked for Defendants within the State of Florida and who would wish to seek recovery of damages in any Rule 23 classes created as to the FMWA claims at issue, and who, even if no Rule 23 classes were to be approved by the Court, intend to pursue their legal claims under those statutes either individually or as part of a multi-plaintiff litigation.

## JURISDICTION AND VENUE

7. This is an action for damages and other relief for unpaid wages, unpaid overtime wages, and damages resulting from Defendants' retaliation under the FLSA and FMWA.

8. Jurisdiction is conferred on this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

9. Venue is proper for the U.S. District Court for the Middle District of Florida because:

   a. Plaintiffs were employed in the Middle District by Defendants which, at all times material, conducted and continue to conduct substantial business therein;

   b. A substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the Middle District; and

   c. Defendants are subject to personal jurisdiction there.

## CONDITIONS PRECEDENT

10. Plaintiffs have complied with all conditions precedent to bringing this action, or such conditions have been waived. With respect to their FMWA claims, Plaintiffs—while believing that the pre-suit notice requirements of Fla. Stat. § 448.110(6) are unconstitutional—nevertheless served, through their undersigned counsel, Defendants with notice of their FMWA class claims on October 14, 2021.

# PARTIES

11. Plaintiffs and those similarly situated are *sui juris* adult individuals who are current or former employees of Defendants and who worked for Defendants as laborers or installers within the five years preceding the filing of this Complaint.

12. Plaintiffs are currently residents of the State of Florida. They have all worked for Defendants as laborers or installers in Defendants' project at the Westgate Vilas in Kissimmee, Florida and at other locations within the State of Florida during the five years preceding the filing of this Complaint.

13. Plaintiff MARLON LOPEZ, ("Mr. Lopez") performed work as a laborer for Defendants' benefit from approximately June 7 through June 18, 2021. During his employment, Defendants agreed to compensate Mr. Lopez at a rate of $25.00 per hour. Mr. Lopez' written consent to join this action as Plaintiff is filed herewith attached as exhibit A.

14. Plaintiff CHRIS S. VALDIVIA BENAVIDEZ, ("Mr. Valdivia") performed work as a laborer for Defendants' benefit from March 2021 until August 2021. During his employment, Defendants agreed to compensate Mr. Valdivia at a rate of $25.00 per hour. Mr. Valdivia's written consent to join this action as Plaintiff is filed herewith attached as exhibit B.

15. Plaintiff PERLA MIRANDA ("Ms. Miranda") performed work for Defendants' benefit as a laborer from May 31, 2021 until approximately

July 9, 2021.  During her employment, Defendants agreed to compensate Ms. Miranda at a rate of $25.00 per hour.  Ms. Miranda's written consent to join this action as Plaintiff is filed herewith attached as exhibit C.

16.    Plaintiff KATERINE ESPINO ("Ms. Espino") performed work as a laborer for Defendants' benefit from May 3, 2021 until June 18, 2021. Defendants agreed to compensate Ms. Espino at a rate of $20.00 per hour. Ms. Espino's written consent to join this action as Plaintiff is filed herewith attached as exhibit D.

17.    Interni Cucine is a Florida limited liability company organized and existing under and by virtue of the laws of Florida, and was registered to do business therein.

18.    Interni Cucine has conducted substantial and continuous business within Florida during all times material to the instant suit, and is subject to the laws of the U.S. and the State of Florida.

19.    Interni Cucine is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

20.    At all times material to this Complaint, Interni Cucine has employed at least ten individuals who have regularly sold, handled, or otherwise worked

on goods and/or materials that have been moved in or produced for commerce as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

21. Specifically, Interni Cucine is a company that designs, creates, and installs custom-made kitchens, bathrooms, and closets designed and produced in Italy for commercial and private customers throughout the U.S., and uses goods and materials transported through commerce across state lines.

22. Interni Cucine, upon knowledge and belief, has grossed annual revenue or done business which exceeds $500,000 for each of the past three years, and utilizes goods and materials which have been transported through commerce across state lines.

23. Mr. Maset is the sole owner and manager of Interni Cucine, and exercised operational control over its business and day-to-day activities throughout Plaintiffs' employment therewith.

24. Throughout Plaintiffs' employment, Mr. Maset acted directly in the interest of his company, Interni Cucine. Upon all available information, Mr. Maset controlled the manner in which Plaintiffs performed their work and the pay that Plaintiffs were to receive.

25. Defendants were "employers" of Plaintiffs as the term is defined under 29 U.S.C. § 203(d).

## GENERAL FACTUAL ALLEGATIONS

26.    Plaintiffs and all similarly situated individuals were employed by the Defendants as laborers or installers, assembling and installing custom-made Italian cabinetry sets at the Westgate Villas in Kissimmee, Florida (the "Westgate Project") for Defendants' benefit.  At all relevant times, Plaintiffs performed manual labor and did not have independent decision-making authority with respect to their work for Defendants.

27.    Defendants agreed to pay Plaintiffs, and all similarly situated employees, at an hourly rate for each hour worked at the Westgate Project. However, Defendants did not compensate Plaintiffs and other similarly situated individuals for the work that they performed for Defendants' benefit from May 2021 through August 2021.

28.    Defendants established a biweekly pay period, such that their employees were to be paid once per week for the preceding fourteen-day period. However, beginning in May of 2021, Defendants began to issue Plaintiffs' payment after the scheduled pay date, provide payment piecemeal, and fail to compensate Plaintiffs whatsoever for the work they performed.

29.    Defendants failed to compensate Plaintiffs and other similarly situated employees for the worked they performed during their respective period of employment starting in May 2021.

30. Further, at all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiffs performed work for Defendants' benefit for which no provision was made to compensate Plaintiffs at the appropriate overtime rate for all hours worked over forty per workweek.

31. Plaintiffs are non-exempt employees of Defendants who are subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty hours during one or more workweek(s) within three years of the filing of this Complaint.

32. Defendants have been aware, or should have been aware, that Plaintiffs and the putative class members performed non-exempt work that required payment of overtime compensation. Defendants also required Plaintiffs and the similarly situated individuals to work long hours and weekends, including overtime hours, to complete all of their job responsibilities and to meet Defendants' productivity standards.

33. Defendants knew that Plaintiffs and other putative class members were working overtime hours because they required Plaintiff and putative class members to work overtime hours and/or were present during those hours.

34. Although they had a legal obligation to do so, Defendants did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiffs and the putative class members.

35.  To the extent they do exist, the majority of the relevant pay and time records at issue remain exclusively in Defendants' possession, custody, and control. Thus, Plaintiffs are unable to determine and state the exact amount of damages due at this time.

36.  Defendants have violated 29 U.S.C. § 207 from January 1, 2021, and continuing to date, in that:

   a.  Plaintiffs worked in excess of forty hours per workweek during their employment with Defendants;

   b.  No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for each hour worked in excess of forty per workweek as set forth by the FLSA; and

   c.  Defendants have failed to maintain proper time records as mandated by the FLSA.

### CLASS ACTION REPRESENTATION ALLEGATIONS
### (as to Counts I and II)

37.  Plaintiffs bring this action on their own behalf and on behalf of a class defined herein, pursuant to and properly maintainable under Fed. R. Civ. P. 23(a) and (b).

38.  The proposed Rule 23 class is defined as follows:

   Florida Minimum Wage Act Class (Counts I & II): All current and former employees who worked as laborers or installers for

Defendants within the State of Florida during the five years preceding the filing of this Complaint.

39.    All judges who have presided over this case, their spouses, and anyone within three degrees of consanguinity from such judge and/or his or her spouse shall be excluded from the proposed class.

## **Commonality**

40.    Plaintiffs' claims raise questions of law and fact that are common to all members of the proposed class. The common legal issue is whether Defendants have violated the FMWA during Plaintiffs' employment.

## **Typicality**

41.    Plaintiffs' claims are typical of the claims of other members of the class, and Plaintiffs do not possess interests that are adverse or antagonistic to those of the other class members. Plaintiffs' claims are typical as to each class member because each claim arises from an act or a series of identical, repeated acts taken by Defendants.

## **Adequacy**

42.    Plaintiffs and their undersigned counsel will fairly and adequately protect and represent the interest of each member of the class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in employment law matters.

## Predominance

43.     This action is properly maintained as a class action in that questions of law and fact common to Plaintiffs' claims and the members of the classes predominate over questions of law or fact affecting only individual members of the class, such that a class action is superior to other available methods for the fair and efficient adjudication of the issues raised in Counts I and II of this action.  The issues relating to Plaintiffs' claims do not vary from the issues relating to the claims of the other members of the proposed class, such that a class action provides a superior and far more efficient method to resolve those claims than through a myriad of separate lawsuits.

44.     Additionally, certification of the proposed class under Rule 23 is supported by the fact that the undersigned counsel is not aware of any other earlier litigation against Defendants to which any member of the class is a party and which any question of law or fact controverted in the subject action is to be adjudicated.

## COLLECTIVE ACTION REPRESENTATION ALLEGATIONS
### (as to Counts III through VI)

45.     Plaintiffs and those similarly situated to them are all nonexempt laborers and/or installers who were employed by Defendants during the three years preceding the filing of this action, and who performed substantially similar job duties to one another.

46.    Plaintiffs and those similarly situated were subjected to the same pay practices and policies of Defendants.  Specifically, Defendants routinely and regularly failed to compensate Plaintiffs for all hours worked in violation of the FLSA's overtime and minimum wage provisions.  The potential class members are owed minimum wages and overtime wages for the same reasons as Plaintiffs.

47.    Plaintiffs and those similarly situated are/were employees of Defendants during the three years preceding the filing of this action and were entitled to be compensated at an hourly rate for each hour worked.

48.    Defendants' failure to properly keep time records for and compensate employees for hours worked in a workweek as required by the FLSA resulted from deliberate and willful practices that Defendants knew violated the FLSA.

49.    Defendants' unlawful practices were applied to Plaintiffs as well as the proposed class members.  Application of these practices did not depend on the personal circumstances of Plaintiffs or others similarly situated, or on the location at which they worked for Defendants.  Rather, the same practices which resulted in the non-payment or under-payment of wages to Plaintiffs applied to all class members.

50.    Accordingly, the members of the FLSA minimum wage collective are properly defined as:

a. All hourly-paid laborers and installers who have worked for Defendants at any time within the three years preceding the date of the filing of this Complaint, up to the present.

51. The members of the overtime collective are properly defined as:

a. All hourly-paid, non-exempt laborers or installers who have worked for Defendants at any time within the three years preceding the date of the filing of this Complaint, up to the present, who have worked in excess of forty hours per workweek in one or more workweek(s).

52. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice of failing to pay straight time and overtime compensation with respect to Plaintiffs and the proposed class members.

53. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices with respect to Plaintiffs and those similarly situated: (a) case law; (b) the FLSA or FMWA; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

54. During the relevant period, Defendants violated §7(a)(1) and §15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for one or more workweeks without compensating such employees for their work at

a rate of at least the time-and-one-half for all hours worked in excess of forty per workweek.

55.    Defendants have acted willfully in failing to pay Plaintiffs and the potential class members in accordance with the law.

56.    At all times relevant, Defendants failed to maintain accurate records of the actual start time, stop time, total hours worked each day, and total number of hours worked by Plaintiffs and the other similarly situated employees for each workweek within the three-year statute of limitations period.

57.    Plaintiffs know of individuals similarly situated to Plaintiffs who would wish to opt into a collective action were such an collective action certified by this Court.

58.    Plaintiffs have retained the undersigned legal counsel to prosecute this action on their behalf and on behalf of all other similarly situated employees and have agreed to pay undersigned counsel a reasonable fee for counsel's work and representation.

59.    Undersigned counsel will be entitled to recover reasonable attorneys' fees and costs if Plaintiffs and/or any other similarly situated employees prevail in this action.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSTITUTION, ART. X, § 24;
## FLORIDA MINIMUM WAGE ACT-MANDATED MINIMUM WAGES
## against INTERNI CUCINE
### *(Rule 23 class action as to Plaintiffs and others similarly situated who worked within the state of Florida within the past five years)*

60. Plaintiffs reincorporate, re-aver, and re-adopt paragraphs 1 through 44 of this Complaint as though fully set forth herein.

61. Plaintiffs and those similarly situated are/were entitled to be paid pursuant to the minimum wage provisions of the FMWA for each workweek that they worked for Defendants.

62. Florida's minimum wage guarantee is more generous in its provision than the FLSA. In addition to providing a higher minimum wage than the FLSA, the FMWA is governed by a general four-year statute of limitations with a five-year limitation period for willful violations, both of which exceed the FLSA's limitations periods. It is well established that the FLSA never preempts state wage law provisions that happen to be more generous than the FLSA demands, as a state legislature has the power to provide its citizens with wage protections which exceed the "floor" established by federal statutes such as the FLSA.

63. Due to Interni Cucine's intentional, willful, and unlawful acts, Plaintiffs and others similarly situated have suffered damages in lost compensation

for the time that they worked for Interni Cucine but were not paid the FMWA-required minimum wage.

64. Interni Cucine's failure to pay Plaintiffs and those similarly situated is a violation of FMWA in conjunction with Article X, § 24 of the Florida Constitution.

65. Interni Cucine knew or should have known that its failure to pay Plaintiffs at least the applicable minimum wage was a violation of the FMWA.

66. As a result of Interni Cucine's intentional, willful, and unlawful acts in refusing to compensate Plaintiffs and those similarly situated employees at the minimum wage prescribed by Florida law, Plaintiffs and those similarly situated employees have suffered damages including unpaid minimum wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, respectfully request that judgment be entered in their favor awarding the following relief:

A. Certification of this Count as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class, and appointing Plaintiffs and their undersigned counsel to represent the Class; and

B. Entry of a judgment against Interni Cucine:

i. Declaring that Interni Cucine has violated the minimum wage provisions of the FMWA;

ii. As to Plaintiffs and others similarly situated:

a. Awarding minimum wage compensation in amounts to be calculated;

b. Awarding liquidated damages in an equal amount to the wages awarded;

c. Declaring that the statute of limitations should be five (5) or more years and/or that the statute of limitation be tolled as appropriate;

d. Awarding reasonable attorneys' fees and costs of this litigation pursuant to the FMWA;

e. Awarding post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## <u>COUNT II</u>
### VIOLATIONS OF THE FLORIDA CONSTITUTION, ART. X, § 24; FLORIDA MINIMUM WAGE ACT-MANDATED MINIMUM WAGES against MARCO MASET
*(Rule 23 class action as to Plaintiffs and others similarly situated who worked within the state of Florida within the past five years)*

67. Plaintiffs reallege and re-affirm each and every factual allegation as stated in paragraphs 1 through 44 of this complaint as though set out in full

herein.

68. Plaintiffs bring this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

69. Mr. Maset failed to pay Plaintiffs and all similarly situated employees at a rate equal to the Florida minimum wage for each hour worked by Plaintiffs and similarly situated employees as stated above.

70. As a direct result of Mr. Maset's failure to pay Plaintiffs and the similarly situated employees, they have been damaged by not receiving wages due in a timely manner.

71. Mr. Maset knew or should have known that his failure to pay Plaintiffs at least minimum wage was in violation of the FMWA.

72. As a result of Mr. Maset's intentional, willful, and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees FMWA-mandated minimum wages, Plaintiffs and those similarly situated employees have suffered damages including unpaid minimum wages, liquidated damages, interest, reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, respectfully request that judgment be entered in their favor awarding the following relief:

A. Certification of this Count as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class, and appointing Plaintiffs and their undersigned counsel to represent the Class;

B. Entry of a judgment against Mr. Maset:

    i.    Declaring that Mr. Maset has violated the minimum wage provisions of the FMWA;

    ii.    As to Plaintiffs and others similarly situated:

        a.  Awarding minimum wage compensation in amounts to be calculated;

        b.  Awarding liquidated damages in an equal amount to the wages awarded

        c.  Declaring that the statute of limitations should be five or more years and/or that the statute of limitation be tolled as appropriate;

        d.  Awarding reasonable attorneys' fees and costs of this litigation pursuant to the FMWA;

        e.  Awarding post-judgment interest; and

        f.  Ordering any other and further relief this Court deems to be just and proper.

# COUNT III
## VIOLATIONS OF 29 U.S.C. §§ 206, 216(b) against INTERNI CUCINE
### (MINIMUM WAGES)

73.    Plaintiffs reincorporate, re-aver, and re-adopt Paragraphs 1 through 36 and 45 through 59 of this Complaint as though fully set forth herein.

74.    At all times during their employment, Plaintiffs and those similarly situated were employees required to be paid a minimum hourly wage for each hour worked, and were entitled to receive those minimum hourly wages no later than the regularly established pay day.

75.    Due to Interni Cucine's intentional, willful, and unlawful acts, Plaintiffs and those similarly situated have suffered damages in lost compensation for the time that they worked for Interni Cucine but were not paid at least the applicable minimum wage.

76.    Beginning at least three years prior to the filing of this Complaint, Interni Cucine has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2), by failing to timely pay the Plaintiffs at least a minimum hourly wage on the regularly scheduled pay date, and often paying them less than the highest applicable minimum hourly wage.

77.    Interni Cucine's failure to pay Plaintiffs and others similarly situated at least the applicable minimum wage for all workweeks is a violation of 29 U.S.C. §206.

78.   Interni Cucine did not have a good faith basis for its failure to pay Plaintiffs and those similarly situated at least the applicable minimum wage, and in fact knew that the company's failure to do so was in violation of the FLSA.

79.   Interni Cucine knew of or showed reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked. Accordingly, Interni Cucine owes Plaintiffs and those similarly situated liquidated damages based on Interni Cucine's willful violation of the FLSA.

80.   Plaintiffs have incurred expenses and endured considerable hardships and damages as a result of Defendant's failure to compensate them based on the applicable minimum wage when due.

81.   As a result of Interni Cucine's intentional, willful, and unlawful acts, Plaintiffs have suffered damages and have incurred costs and reasonable attorneys' fees.

82.   Plaintiffs and those similarly situated seek to recover for unpaid wages accumulated from their respective dates of hire.

83.   As a result of Interni Cucine's intentional, willful, and unlawful acts in refusing to pay Plaintiffs and those similarly situated at the applicable minimum wage rate when due, Plaintiffs and those similarly situated have

suffered damages including unpaid minimum wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek an eventual entry of a judgment against Interni Cucine:

A. Declaring that Interni Cucine has violated the minimum wage provisions of the FLSA; and

B. As to Plaintiffs and others similarly situated:

    i. Awarding minimum wage compensation in amounts to be calculated;

    ii. Awarding liquidated damages in an equal amount to the wages awarded;

    iii. Declaring that the statute of limitations should be extended to three or more years and/or that the statute of limitation be tolled as appropriate;

    iv. Awarding reasonable attorneys' fees and costs of this litigation pursuant to 29 U.S.C. § 216(b);

    v. Awarding post-judgment interest; and

    vi. Ordering any other and further relief this Court deems to be just and proper.

## COUNT IV
## VIOLATIONS OF 29 U.S.C. §§ 206, 216(b) against MARCO MASET
## (MINIMUM WAGES)

84.     Plaintiffs reincorporate, re-aver, and re-adopt paragraphs 1 through 36 and 45 through 59 of this Complaint as though fully set forth herein

85.     During all times relevant to this action, Mr. Maset was, and is now, a corporate officer of Interni Cucine.

86.     Mr. Maset was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] in that Mr. Maset acted directly in the interests of Interni Cucine in relation to its employees including Plaintiffs.

87.     Specifically, Mr. Maset determined Interni Cucine's company payroll decisions, controlled the issuance of pay, and maintained the right to hire and fire all employees like Plaintiffs during all pertinent times hereto.

88.     Mr. Maset was, at all relevant times, the owner of Interni Cucine and maintained operational control of the business—and is thus jointly liable for Plaintiffs' damages.

89.     Mr. Maset willfully and intentionally refused to properly pay Plaintiffs at least the applicable minimum wages for each hour worked as required by FLSA, and remains owing Plaintiffs and those similarly situated these wages as set forth above.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek entry of a judgment against Mr. Maset:

A. Declaring that Mr. Maset has violated the minimum wage provisions of the FLSA; and

B. As to Plaintiffs and others similarly situated:

 i. Awarding minimum wage compensation in amounts to be calculated;

 ii. Awarding liquidated damages in an equal amount to the wages awarded;

 iii. Declaring that the statute of limitations should be extended to three or more years and/or that the statute of limitation be tolled as appropriate;

 iv. Awarding reasonable attorneys' fees and costs of this litigation pursuant to 29 U.S.C. § 216(b);

 v. Awarding post-judgment interest; and

 vi. Ordering any other and further relief this Court deems to be just and proper.

## COUNT V
## VIOLATIONS OF 29 U.S.C. §§ 207, 216(b) against INTERNI CUCINE
## (OVERTIME COMPENSATION)

90.     Plaintiffs reincorporate, re-aver, and re-adopt all paragraphs 1 through 36 and 45 through 59 of this Complaint as though fully set forth herein.

91.     Plaintiffs and those similarly situated are/were entitled to be paid, pursuant to the FLSA, at the rate of at least one and one-half times their regular rate of pay for each hour that they worked in excess of forty per workweek.

92.     Due to Interni Cucine's intentional, willful, and unlawful acts, Plaintiffs and those similarly situated have suffered damages in the form of lost compensation for the time that they worked over forty hours per workweek without receiving overtime compensation.

93.     During their employment with Interni Cucine, Plaintiffs and those similarly situated were not paid overtime compensation as required under the FLSA.

94.     During the weeks that Defendants issued some compensation to Plaintiffs, the payments issued for the hours worked over forty only compensated Plaintiffs at their regular rate of pay.

95.     Plaintiffs were not exempt from the overtime requirements of the FLSA pursuant to any provision thereof.

96.     Interni Cucine did not have a good faith basis for its failure to pay

Plaintiffs and those similarly situated at the proper overtime rate for each hour worked over forty per workweek, and was aware that its failure to do so was in violation of the FLSA.

97.     As a result of Interni Cucine's intentional, willful, and unlawful acts in refusing to pay Plaintiffs and those similarly situated all overtime compensation due, Plaintiffs and those similarly situated have suffered damages including unpaid straight time and overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek entry of a judgment against Interni Cucine:

A.  Declaring that Interni Cucine has violated the overtime wage provisions of the FLSA; and

B.  As to Plaintiffs and others similarly situated:

  i.   Awarding overtime compensation in amounts to be calculated;

  ii.  Awarding liquidated damages in an equal amount to the overtime wages awarded;

  iii. Declaring that the statute of limitations should be extended to three or more years and/or that the statute of limitation be tolled as appropriate;

iv.    Awarding reasonable attorneys' fees and costs of this litigation pursuant to 29 U.S.C. § 216(b);

v.    Awarding post-judgment interest; and

vi.    Ordering any other and further relief this Court deems to be just and proper.

### COUNT VI
### VIOLATIONS OF 29 U.S.C. §§ 207, 216(b) against MARCO MASET
### (OVERTIME COMPENSATION)

98. Plaintiffs reincorporate, re-aver, and re-adopt paragraphs 1 through 36 and 45 through 59 of this Complaint as though fully set forth herein.

99. At all relevant times, Mr. Maset was, and is now, a corporate officer and owner of Interni Cucine.

100.    Mr. Maset was an employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Mr. Maset acted directly in the interests of the Interni Cucine in relation to its employees including Plaintiffs.

101.    Specifically, Mr. Maset determined company payroll decisions, and maintained the right to hire and fire Plaintiffs and others similarly situated during all pertinent times hereto.

102.    Mr. Maset willfully and intentionally refused to properly pay Plaintiffs and other similarly situated employees overtime wages as required under the FLSA.

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, move this Honorable Court for an order conditionally certifying this case as a collective action and permitting notice to issue pursuant to 29 U.S.C. § 216(b); and seek entry of a judgment against Mr. Maset:

A. Declaring that Mr. Maset has violated the overtime wage provisions of the FLSA; and

B. As to Plaintiffs and others similarly situated:

    i. Awarding overtime compensation in amounts to be calculated;

    ii. Awarding liquidated damages in an equal amount to the overtime wages awarded;

    iii. Declaring that the statute of limitations should be extended to three or more years and/or that the statute of limitation be tolled as appropriate;

    iv. Awarding reasonable attorneys' and costs of this litigation pursuant to 29 U.S.C. § 216(b);

    v. Awarding post-judgment interest; and

    vi. Ordering any other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and of all prospective class and collective action members, demand a trial by jury on all issues so triable as a matter of right.


Dated: July 26, 2023

Respectfully submitted,

*/s/ P. Brooks LaRou*
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200
*Counsel for Plaintiff*