UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARLON LOPEZ, CHRIS S.**
**VALDIVIA BENAVIDEZ, PERLA**
**MIRANDA and KATERINE ESPINO,**

      **Plaintiffs,**

v.   Case No: 6:23-cv-1409-CEM-DCI

**INTERNI CUCINE AMERICA LLC and**
**MARCO MASET,**

      **Defendants.**

## ORDER

Before the Court is the parties' joint motion for approval of their settlement agreement in this Fair Labor Standards Act (FLSA) case. Doc. 39 (the Motion). Attached to the Motion is the settlement agreement. Doc. 39-1 (the Agreement). The Motion is due to be denied without prejudice because the parties fail to adequately address the issue of liquidated damages.

In the Agreement, the parties provide that Plaintiffs are to receive specified amounts as "non-wage compensatory damages." Doc. 39-1 at 3. In the Motion, the parties entirely fail to address the amount of damages, the issue of liquidated damages, or the concept of approving a settlement agreement for "non-wage compensatory damages." *See* Doc. 39.

Any settlement of FLSA claims must either be supervised by the Secretary of Labor or must be approved as a fair and reasonable settlement by the Court. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In addressing the settlement amount, 29 U.S.C. § 216(b) provides that, "Any employer who violates" the minimum wage provision "shall be liable to the employee or employees affected in the amount of their unpaid

minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." But "if the employer shows to the satisfaction of the court that the act or omission giving rise to" an action to recover unpaid minimum wages under the FLSA "was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," then "the court may, in its sound discretion, award no liquidated damages." *Id.* § 260. "In conjunction, these two provisions mean that "liquidated damages are mandatory absent a showing of good faith." *P&k Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 849 (11th Cir. 2019) (quoting *Spires v. Ben Hill Cty.*, 980 F.2d 683, 689 (11th Cir. 1993); *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987); *see Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). As such, if a settlement occurs, the Court must review for reasonableness and fairness the amount of unpaid wages *and* the amount of liquidated damages paid, if any.

Again, in the Motion, the parties entirely fail to address the amount of damages, the issue of liquidated damages, or the concept of approving a settlement agreement for "non-wage compensatory damages." *See* Doc. 33; *see Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) ("[A] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them.") (citation omitted). Frankly, the Motion appears to be a boilerplate document that has nothing to do with this case, other than the case caption. Further, the Court questions the legality—and tax consequences—of the parties attempt to settle an FLSA claim for "non-wage compensatory damages." The Court, therefore, finds that it cannot adequately review the settlement for fairness and reasonableness based upon the information provided.

Accordingly, the Motion (Doc. 39) is **DENIED without prejudice**. The parties must file a renewed motion to approve their FLSA settlement within 14 days.

**ORDERED** in Orlando, Florida on November 26, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties